## JAMES, SHERIFF, v. BOARD OF COMMISSIONERS OF HENRY COUNTY.

### [No. 3,880. Filed October 25, 1901.]

FEES AND SALARIES.—*Act of 1895.—County Officers' Salaries.—Right to Payment in Full.*—Under §§124, 126 and 127 of the fee and salary act of 1895 (§§6530, 6532, 6533 Burns 1901), a county officer is entitled to full compensation only in case the fees collected by himself equal his salary, and not because the fees received collectively by all the officers named exceed the collective amount of their salaries.

From Henry Circuit Court; *W. O. Barnard,* Judge.

Action by John James, sheriff, against the Board of Commissioners of Henry County. Judgment for defendant. Plaintiff appeals. *Affirmed.*

*E. H. Bundy* and *J. M. Morris,* for appellant.

*Adolph Rogers,* for appellee.

BLACK, C. J.—The appellant in his complaint, a demurrer to which was sustained, showed that he was elected as sheriff of Henry county in 1896, for the term of two years from August 23, 1897, when he entered the office, in which he was still serving, the complaint being filed on the 5th of July, 1899. It was alleged that there was due the appellant as salary for his services as sheriff, on the 23rd of May, 1899, $3,850, less payments received on account thereof, $2,208.56, leaving a balance then due him of $1,641.44; that the services rendered by him and the fees due therefor amounted to more than his salary, but he had collected and turned into the county treasury $2,208.56; that during the

period of such service the clerk, sheriff, and recorder of the county collected, of fees and costs for services rendered by them, $11,765.40, and the total salaries of these officers for that period amounted to $11,375, the amount of fees and costs collected and turned into the county treasury by them all exceeding the total amount of their salaries in the sum of $390.40; that at each quarter the total amount collected and paid into the county treasury by the clerk, sheriff, and recorder exceeded the total amount of their salaries; that at the December, 1897, March, June, September, and December, 1898, and March and June, 1899, sessions of the board of commissioners of that county, the appellant filed with the auditor of the county, more than five days before the commencement of these several sessions, his claim for his quarterly salary in the sum of $550. The complaint showed the amount of these quarterly claims allowed and the amount thereof disallowed at each session of the board, the sum of all the allowances being $2,208.56, and that of all the disallowances being $1,641.44. The appellant claimed judgment for the amount of these several disallowances with interest.

The appellant in his brief contends that if the clerk, recorder, and sheriff, collectively, earn, collect, and pay into the county treasury each quarter as much money as equals all their quarterly salaries, or more, each of them is entitled to be fully paid quarterly the salary due to him, that is, the one-fourth part of the salary designated by statute, notwithstanding some one of them, severally (in this instance the sheriff), has not collected and paid into the treasury, of fees earned by him in his office, for such quarter, an amount of money equal to his quarterly salary as designated by the statute. The question thus alone presented involves merely a construction of pertinent provisions of the fee and salary law of 1895, under which the appellant was serving.

By §21 of that statute, §6426 Burns Supp. 1897, it is

provided that the county officers named in the act (including the sheriff) shall be entitled to receive for their services no other compensation than such as is specified in that act, the annual salary thereby fixed (§54) for the sheriff of Henry county being $2,200. In §122, it is provided that sheriffs shall tax and charge "on behalf of their respective counties" the fees provided by law on account of services performed by such officers; that the fees and amounts so charged shall be designated "sheriffs' costs", but they shall, in no sense, belong to or be the property of the sheriff, but shall belong to and be the property of the county, etc.

Section 124 provides that the clerks, auditors, treasurers, sheriffs, and recorders, on the first Monday of December, March, June, and September of each year, shall *each* make a sworn report to the county auditor in writing, showing specifically the amount of fees collected during the preceding three months, and they shall pay to the county treasurer the amount shown by said report, and take the county treasurer's receipt therefor, which receipt shall be filed in the county auditor's office, and the auditor shall give to the officer a *quietus* for the amount paid by such officer, which sum shall be kept by the auditor and treasurer of each county as separate and distinct funds, to be known respectively as "clerk's fund", "auditor's fund", "treasurer's fund", "sheriff's fund", and "recorder's fund".

Section 126, as originally enacted, provided that the clerks, auditors, treasurers, sheriffs, and recorders of each county shall draw their salaries quarterly; that all salaries and compensations contemplated in the statute shall be paid out of any money in the county treasury belonging to the county and not otherwise appropriated, after orders to that effect made by the board of commissioners, but in no case shall such be ordered paid until the services for which payment is sought shall have been rendered: "Provided, If the clerk, auditor, treasurer, sheriff and recorder in their respective counties, have not turned into the county treas-

ury, out of the fees they may have collected, a sum sufficient to equal the total amount of their respective quarterly allowance of salary, then a sum only shall be allowed equalizing [equaling] the sum turned into such treasury by *each* respective officer actually earned during his term of office."

In 1897 this section was amended so as to make the proviso include therein only the clerk, sheriff, and recorder, the section not being otherwise changed by the amendment. Acts 1897, p. 31, §3532a Burns Supp. 1897.

It is provided by §127, that if there shall be any balance of salary due and unpaid to any such officer at the time of making the last return at the close of his term of office, and there be not a sufficient amount of fees collected by such officer remaining in the county treasury to pay such balance, it shall be paid to him out of the fees earned by him during his term of office when afterward collected by his successor.

That the amount of actual compensation of the sheriff depends, not upon what he with the other county officers, or any of them, shall pay into the county treasury, but solely upon the amount of fees earned by the sheriff severally and turned into the treasury as "sheriff's costs," seems to be the plain meaning of these statutes, which are manifestly incapable of the construction sought by the appellant. No argument other than a mere recital of the statutory provisions seems to be needed for this conclusion.

Judgment affirmed.